**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roger Bates,<br><br>    Petitioner,<br><br>v.<br><br>Unknown Colbert,<br><br>    Respondent. | No. CV-22-00241-TUC-JGZ (LCK)<br><br>**Order Accepting Report and Recommendation** |

On August 17, 2023, Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending the Court deny Petitioner Roger Bates's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"). (Doc. 29.) The Court has reviewed the record, including Bates's Objection (Doc. 25) and Respondent's response (Doc. 38), and, for the reasons stated below, will accept Judge Kimmins's R&R. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

  **I.**  **Legal Standard**

A party may file written objections to an R&R within fourteen days of being served with a copy of it; those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the

1
2

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).

3
4
5
6
7
8
9
10
11
12
13
14
15
16

This Court is "not required to review any portion of an R&R to which no specific objection has been made."  *Scott v. Shinn*, No., 2021 WL 5833270, at *3 (D. Ariz. Dec. 9, 2021); *see Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." (emphasis in original)).  That is, district judges need not review an objection to an R&R that is general and non-specific.  *Scott*, 2021 WL 5833270, at *3; *see, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R&R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'" (citations omitted)); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R&R are tantamount to no objection at all.").

17

**II.     Report and Recommendation[1]**

18
19
20
21
22
23

Bates asserted two grounds for relief in his § 2241 Petition:  (1) he is "actually innocent of sexual exploitation of a minor in violation of 18 U.S.C. § 2251(a) & (e) in light of *United States v. Hillie*, 14 F.4th 677 (D.C. Cir. 2021)"; and (2) "it is cruel and unusual punishment under the 8th [A]mendment to the Constitution to hold [him] in unsafe conditions when no set of conditions in the Bureau of Prisons ('BOP') during the COVID-19 pandemic can be constitutional."  (Doc. 4-1 at 1–2.)

24
25
26
27

In the R&R, Judge Kimmins found that Bates had waived Ground 2 and, even if not withdrawn, the claim should be dismissed on the merits. (Doc. 21 at 2, n.1.)  Judge Kimmins concluded the Court lacked jurisdiction over Ground 1 and, even if the Court could review the claim, it lacked merit. (*Id*. at 5, n.2.)  In his Objection to the R&R, Bates

28

[1]The factual and procedural history of this case is set forth in the Magistrate Judge's Report and Recommendation.  (Doc. 21.)

challenges Judge Kimmins's dismissal of both claims.

### III. Discussion

#### A. Bates's Objection to Ground Two

Bates objects to the R&R's finding that he waived his claim in Ground 2. (Doc. 25 at 1.) Bates asserts he "searched his filings and does not see any indication of [him] having waived a claim." (*Id.*) Bates further argues: "If his former litigator/inmate assistant waived that claim, it was not [Bates]'s 'voluntary waiver,'" so he "recants any such waivers and stands on his innocence claims on Counts-1 and 2, ad hoc." (*Id.*) The Court will overrule Bates's objection.

Bates's filings show that he waived his Ground 2 claim. In his January 20, 2023 Reply to Respondent's "Return and Answer," Bates wrote on Page 2: "Petitioner waives his claim as to Ground Two. . . . Petitioner is aware of the right he is relinquishing and does so knowingly, voluntarily, and intelligently." (Doc. 17 at 2 (internal quotations omitted).) Bates signed the filing which, notably, contains other arguments that Bates continues to assert in this action.

Assuming for the sake of argument that Bates did not waive his claim as to Ground Two, the Court would nonetheless dismiss the claim. As Judge Kimmins indicated in the R&R, the Ninth Circuit Court of Appeals has held that claims such as those Bates asserts in Ground 2, "lie outside the historic core of habeas corpus." *Pinson v. Carvajal*, 69 F.4th 1059, 1062, 1065–55 (9th Cir. 2023).

#### B. Bate's Objection to Ground One

In concluding the Court lacks jurisdiction to consider Ground One, Judge Kimmins reasoned that: because Bates is contesting the legality of his conviction, his claim falls within the parameters of 28 U.S.C. § 2255, rather than § 2241; Bates had previously filed a § 2255 petition; and he does not qualify to file a successive § 2255 petition under the savings clause of § 2255(e). Judge Kimmins relied on the Supreme Court's recent decision in *Jones v. Hendrix*, 599 U.S. 465 (2023), which held that a prisoner "may not file a second or successive § 2255 motion based solely on a more favorable interpretation of statutory

law adopted after his conviction became final and his initial § 2255 motion was resolved." Judge Kimmins explained that *Jones* precludes Bates's claim that he is actually innocent as a result of the D.C. Circuit Court of Appeal's 2021 decision in *United States v. Hillie*, 14 F.4th 677 (D.C. Cir. 2021), *reh'g*, 39 F.4th 674 (D.C. Cir. 2022), which adopted a different statutory interpretation of certain elements of Bates's offenses.

Bates objects to the R&R's assessment of *Jones,* arguing *Jones* "does not foreclose review" because it would be impossible or impractical for him to bring a § 2255 motion to test the legality of his detention. (Doc. 25 at 2.) Bates asserts he "does not bring a collateral attack on his sentence," but rather "brings an actual innocence issue before this court that [he] has collaterally attacked within the boundaries of the AEDPA standards in his sentencing court, to no avail." (*Id.* at 2.)

"A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so." *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012). "Under the 'escape hatch' provision of § 2255(e), however, a federal prisoner may file a § 2241 petition, but only if the § 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Shepherd v. Unknown Party, Warden, FCI Tucson*, 5 F.4th 1075, 1076 (9th Cir. 2021) (quoting 28 U.S.C. § 2255(e)). "[T]he escape hatch is available when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" *Id.* (quoting *Marrero*, 682 F.3d at 1192).

The Antiterrorism and Effective Death Penalty Act (AEDPA), bars second or successive § 2255 petitions unless they rely on either "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Prior to the Supreme Court's recent decision in *Jones*, several courts of appeals "found a workaround" to the § 2255(h) bar, in the saving clause of § 2255(e); these courts

1   held that § 2255 "was 'inadequate and ineffective' under the saving clause—and that

2   § 2241 was therefore available—when AEDPA's second-or-successive restrictions barred

3   a prisoner from seeking relief based on a newly adopted narrowing interpretation of a

4   criminal statute that circuit precedent had foreclosed at the time of the prisoner's trial,

5   appeal, and first § 2255 motion." *Jones*, 599 U.S. 465 at 477.  However, in *Jones*, the

6   Supreme Court made clear that section 2255(e)'s saving clause does not authorize this

7   "end-run" around § 2255(h)'s limitation. *Id.*  The court stated that § 2255(h) specifies the

8   two limited conditions in which Congress has permitted federal prisoners to bring second

9   or successive collateral attacks on their sentences. *Id.* at 480.  The court held that the

10   inability of a prisoner with a statutory claim to satisfy the section 2255(h) conditions does

11   not mean that a prisoner can bring his claim in a habeas petition under the saving clause. *Id.*

12   "The limitation on second or successive motions does not make § 2255 'inadequate or

13   ineffective' such that the prisoner may proceed with his statutory claim under § 2241." *Id.*

14   at 470. As a result of the Supreme Court's holding, Bates cannot establish that the *Hillie*

15   decision is "a new rule of constitutional law" that would allow him to avoid § 2255(h)'s

16   bar.

17          In his objection, Bates now asserts that the § 2255(e) "escape hatch" is available to

18   him because he is actually innocent and has no adequate remedy to establish his innocence

19   as the sentencing court refused to produce evidence he needs to attack his conviction. (Doc.

20   25 at 2.)  He appears to suggest that new evidence would establish his innocence. (*Id.* at

21   4–6.)  Further, he argues that his plea was based upon a promise of time served by his

22   counsel. (*Id.*)  These are new arguments, which the Court need not consider. *See Lang v.*

23   *Comm'r of SSA*, 2023 U.S. Dist. LEXIS 37965,*10–11 (D. Ariz. March 7, 2023) ("a party

24   generally may not raise new arguments for the first time in an objection to an R&R").

25   However, even if considered, Bates fails to show "inadequate or ineffective" circumstances

26   which would fall within the § 2255(e)'s savings clause and avoid § 2255(h)'s bar.

27          Bates does not identify newly discovered evidence which would provide a basis for

28   a successive collateral attack.  Moreover, Bates has not and cannot show that it is

impossible or impracticable for him to seek relief in the Western District of Arkansas. That court's alleged "refusal to produce evidence supporting his conviction/detention," does not constitute "inadequate or ineffective" circumstances. In addition, the Court agrees with Judge Kimmins's rejection on the merits of Bates's claim that *Hillie* establishes his innocence. (Doc. 21 at 5, n.2.) Bates was convicted in the Eighth Circuit. This Court looks to the law of the circuit of the conviction when reviewing the merits of a habeas petition, and the Eighth Circuit has continued to use the same statutory interpretation that applied to Bates when he was convicted. Bates acknowledged this law in his reply. (Doc. 17 at 7 ("Petitioner would in fact not be able to bring his claim today in the Eighth Circuit.").)

For all of the above reasons, the Court will dismiss the Petition.

### IV.    Certificate of Appealability

Although Bates filed his Petition under § 2241, because the Petition raises a claim of actual innocence, the Court has construed it as a second or successive § 2255 petition. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, in the event Bates files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable, and Bates has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Porter v. Adams*, 244 F.3d 1006, 1007 (9th Cir. 2001) (requiring certificate of appealability in § 2255 motions that are labeled as § 2241 motions).

Accordingly,

**IT IS ORDERED**:

(1) The Report and Recommendation (Doc. 21) is **accepted**.

(2) Petitioner's Objection (Doc. 25) is **overruled**.

(3) Petitioner's Amended § 2241 Petition (Doc. 4) is **denied,** and this case is **dismissed** with prejudice.

. . . .

. . . .

(4) A Certificate of Appealability shall not issue and leave to proceed in forma pauperis on appeal is denied.

(5) The Clerk shall enter judgment accordingly and **close this case**.

Dated this 26th day of January, 2024.

_____
Jennifer G. Zipps
United States District Judge